Attorney for Plaintiff
George E. Griffeth, Esq.
**GRIFFETH LAW OFFICES**
8124 East Cactus Road- Suite 410
Scottsdale, AZ 85260
480.991.3040
*George E. Griffeth #018376*
Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RICHARD J. ADAMS, JR., <br><br> Plaintiff, <br><br> v. <br><br> SCOTTSDALE COLLECTION SERVICES, LLC; MARLENE S. BARTLETT and JOHN DOE BARTLETT, husband and wife; JOHN and JANE DOES I - X, husband and wife; BLACK & WHITE CORPORATIONS, I - X, <br><br> Defendants. | NO. CV2005-050664 <br><br> **SUMMONS** <br><br> IF YOU WANT THE ADVICE OF A LAWYER, YOU MAY WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT 602-257-4434 OR ON-LINE AT WWW.LAWYERFINDERS.ORG. LRS IS SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION |

**THE STATE OF ARIZONA TO THE DEFENDANTS:**

SCOTTSDALE COLLECTION SERVICES, LLC
7900 East Greenway #201
Scottsdale, Arizona 85260

MARLENE S. BARTLETT
33132 North 72nd Way
Scottsdale, Arizona 852622

JOHN DOE BARTLETT
33132 North 72nd Way
Scottsdale, Arizona 85262

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this court. If served within Arizona, you appear and defend within 20 days after the service of the Summons & Complaint upon you, exclusive of the day of service, If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of

Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of receipt by the party being served. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS §§ 20-222, 28-502, 28-503.

Copies of pleadings filed herein may be obtained by contacting Clerk of the Court, 201 West Jefferson, Phoenix, AZ 85003.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. RCP 10(D); ARS § 12-311; RCP 5.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

The name and address of Plaintiff's attorney is:

>  George Griffeth
>  GRIFFETH LAW OFFICES, A PROFESSIONAL CORPORATION
>  8124 East Cactus Road - Suite 410
>  Scottsdale, AZ 85260
>  480.991.3040

SIGNED AND SEALED this date: _____.

COPY

CLERK _____ MAY 1 0 2005

MICHAEL K. JEANES, CLERK
L. JURY
DEPUTY CLERK

Attorney for Plaintiff
George E. Griffeth, Esq.
**GRIFFETH LAW OFFICES**
8124 East Cactus Road- Suite 410
Scottsdale, AZ 85260
480.991.3040
*George E. Griffeth #018376*
Attorney for Plaintiff

COPY

MAY 1 0 2005

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RICHARD J. ADAMS, JR., <br><br> Plaintiff, <br><br> v. <br><br> SCOTTSDALE COLLECTION SERVICES, LLC; MARLENE S. BARTLETT and JOHN DOE BARTLETT, husband and wife; JOHN and JANE DOES I - X, husband and wife; BLACK & WHITE CORPORATIONS, I - X, <br><br> Defendant(s). | NO. CV2005-050664 <br><br> **COMPLAINT** <br><br> (Three Causes of Action) |

Plaintiff hereby complains against the Defendants for the above cause of action and alleges as follows:

### PARTIES

1  Plaintiff RICHARD J. ADAMS, JR., is a resident of Maricopa County, Arizona.

2  Defendant SCOTTSDALE COLLECTION SERVICES, L.L.C. is, upon information and belief, a limited liability company licensed and operating in Maricopa County, Arizona, and has caused events to occur this county and state out of which Plaintiff's cause of action arises. Defendants MARLENE S. BARTLETT and JOHN DOE BARTLETT are a residents of Maricopa County, Arizona, and has caused events to occur this county and state out of which Plaintiff's cause of action arises

3  That to the extent that any Defendants were married at the time of the incident,

Defendant's actions and liability are community in nature.

4      Plaintiff is ignorant of true names, capacities and liabilities of the Defendants sued herein as JOHN and JANE DOES I - X; BLACK & WHITE CORPORATIONS, I - X, therefore Plaintiff sues said Defendants by said fictitious names. Plaintiff is informed and therefore believes, and thereon alleges, the Defendants designated as JOHN and JANE DOES I - X and/or BLACK & WHITE CORPORATIONS I - X, are legally responsible, in whole or in part for the incident and damages hereinafter alleged, and Plaintiff will amend this complaint to properly identify such Defendants once their true identities become known to Plaintiff.

## CAUSE OF ACTION I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

5      On or about April 15, 2004, the Defendant(s), while acting on behalf of their third-party client, Lutheran Urgent Care, initiated collection activities against the Plaintiff, RICHARD J. ADAMS, JR.

6      The Plaintiff immediately advised agents of the Defendant(s) that the account in question had been paid, and provided the Defendant with written documentation which verified the payment, and further, advised the Defendant that he was invoking his legal protections pursuant to the Fair Debt Collection Practices Act, (F.D.C.P.A.), and did not wish to be contacted at his place of employment.

7      The Defendant(s) then failed and neglected to perform its required duties, and continued these unmerited collection efforts, specifically, by failing to communicate with its client. Further, agents of the Defendant continued to contact Mr. Adams at his place of employment, placing a total of at least seven separate telephone calls to Mr. Adams. Each of these telephones constituting a clear and separate violation of the F.D.C.P.A, which states in relevant part:

> *(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt -- . . .*

*(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.*

8	As a direct result of the Defendant's willful and knowing violation of F.D.C.P.A., Plaintiff seeks an amount of compensation to be proven at trial.

## CAUSE OF ACTION II

## DEFAMATION OF CHARACTER/LIBEL

Plaintiff incorporates herein each and every allegation as set forth above and further alleges as follows:

9	Defendant(s), through its failures and negligence, has damaged the reputation of the Plaintiff, by reporting the subject account as delinquent to the Experian Credit Bureau Report of the Plaintiff, damaging the excellent credit rating of the Plaintiff.

10	Due to these actions of the Defendant(s), the Plaintiff was unable to obtain the best possible interest rate while securing financing credit for the purchase of an automobile, and has thus has been damaged in an amount to be proven at trial.

11	Additionally, due to negligence of the Defendant(s), Plaintiff has been denied the ability to re-finance the mortgages/loans on several properties at the optimum interest rate, to which he had been properly entitled, and as a result, has been damaged in an amount to be proven at trial.

12	Additionally, due to the unjust and improper damage to his credit rating, the Plaintiff has been unable to cancel a privately held mortgage insurance policy on a parcel of property, and has been damaged in an amount to be proven at trial.

## CAUSE OF ACTION III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff incorporates herein each and every allegation as set forth above and further alleges

as follows:

13	Defendant(s), through its negligence, has willfully inflicted continuing and entirely unnecessary emotional distress upon the Plaintiff, and further, has caused the Plaintiff to suffer public embarrassment while attempting to rectify the unjust and improper situation which has been created entirely by the Defendant(s).

14	As a result of the allegations contained in paragraph "13", Plaintiff has been damaged in a sum to be proven at trial.

15	WHEREFORE, Plaintiff prays for judgment against the Defendants, SCOTTSDALE COLLECTION SERVICES, L.L.C. and MARLENE S. BARTLETT and JOHN DOE BARTLETT, as follows:

    A.	Damages in an amount to be proven at trial.

    B.	Interest on all amounts awarded to Plaintiff at the statutory rate of ten percent (10.00%) per annum, from the date of entry of judgment, until paid in full.

    C.	Attorneys fees in an amount to be proven.

    D.	All court costs as expended by the Plaintiff, with interest on costs at the statutory rate of ten percent (10.00%) per annum from the date of entry of judgment, until paid in full.

    E.	Any such additional relief as the court deems just and proper.

RESPECTFULLY SUBMITTED May 10, 2005

_____
George Griffeth
Attorney for Plaintiff

George E. Griffeth, Esq.
GRIFFETH LAW OFFICES
A Professional Corporation
3150 North 24th Street - B200
Phoenix, AZ 85016
602.241.6666

George E. Griffeth #018376
Attorney for Plaintiff

COPY

MAY 10 2005

MICHAEL K. JEANES, CLERK
L JURY
DEPUTY CLERK

IN THE SCOTTSDALE JUSTICE COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RICHARD J. ADAMS, JR., <br><br>   Plaintiff, <br><br> v. <br><br> SCOTTSDALE COLLECTION SERVICES, LLC; MARLENE S. BARTLETT; JOHN and JANE DOES, husband and wife; BLACK & WHITE CORPORATIONS I - X; <br><br>   Defendants. | NO.  CV2005-050664 <br><br> CERTIFICATE OF COMPULSORY ARBITRATION |

Plaintiff, by and through its counsel undersigned, certifies that the largest award sought by Plaintiff, excluding interest, attorney's fees and costs, does not exceed the limits set by Local Rule for compulsory arbitration. This case is subject to the Uniform Rules of Procedure for Arbitration.

DATED this _10_ of _MAY_____, 2005

GRIFFETH LAW OFFICES

By: _____
   George Griffeth
   Attorney for Plaintiff